UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORIO AJANEL VICENTE,

Petitioner,

v.

WARDEN OF IMPERIAL REGION DETENTION FACILITY,

Respondent.

Case No.:  3:26-cv-03877-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Before this Court is Petitioner Honorio Ajanel Vicente's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed on July 6, 2026. [Dkt. no. 1.] Respondent Warden of Imperial Region Detention Facility ("Respondent") filed a Response to Petition ("Response") on July 13, 2026. [Dkt. no. 4.] While this Court acknowledges that the time to file a reply has not yet passed, upon review of the Petition and the Response, this Court finds that additional argument is not necessary.

Petitioner entered the United States over ten years ago. See Petition at pg. 4. According to Petitioner's Notice to Appear, which was issued by the Department of Homeland Security ("DHS") on April 28, 2026, Petitioner is a native and citizen of Guatemala. [Petition, Exhibit at 1.] Petitioner has been detained since 2026, and he alleges that he is currently in DHS immigration custody at the Imperial Region Detention Facility in Calexico, California. Petitioner alleges he is entitled to, *inter alia*, a bond hearing or, in the alternative, release. See Petition at pg. 4.

Respondent concedes that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Response at 2; see also

Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025). Respondent also acknowledges that, while Maldonado Bautista is stayed,[1] "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." [Id.] "Respondent[] therefore do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [Id.] Therefore, this Court grants Petitioner's request for a bond hearing.[2]

### CONCLUSION

For the foregoing reasons, Petitioner Honorio Ajanel Vicente's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed July 6, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as the government is ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within seven days of the filing of this Order. The government SHALL NOT deny Petitioner's bond on the basis that Title 8 United States Code Section 1225(b)(2) requires mandatory detention. The Petition is DENIED as to Petitioner's request for immediate release from custody.

---

[1] This Court notes that on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

[2] This Court denies Respondent's request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 2 n.1. Petitioner's interest in an expeditious remedy for the violation of his rights outweighs the general concerns cited by Respondent. If there is a **case-specific** reason why Petitioner's individualized bond hearing should be held within fourteen days, Respondent may file a motion to extend the deadline. Respondent's motion must establish the reason why an extension is necessary through a declaration or other supporting documents.

2

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 15, 2026



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**HONORIO AJANEL VICENTE V. WARDEN OF IMPERIAL REGION DETENTION FACILITY; 3:26-cv-03877 LEK-JLB; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

3:26-cv-03877-LEK-JLB